UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANKLIN R. JONES, Jr.

     Plaintiff,                                            Civil Action No. 2:08-11673

v.                                                      HONORABLE PAUL D. BORMAN
                                                        UNITED STATES DISTRICT COURT

MARYLN RAZKOWSKI, et. al,

     Defendants,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

**I. INTRODUCTION**

Before the Court is Plaintiff Franklin R. Jones, Jr.'s *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner who is currently confined at the Parnall Correctional Facility in Jackson, Michigan. For the reasons stated below, the complaint is **DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

**II. STANDARD OF REVIEW**

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege or immunity secured by the Federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. Absent either element, a section 1983 claim will not lie. *Hakken v. Washtenaw County*, 901 F. Supp. 1245, 1249 (E.D. Mich. 1995).

Under The Prison Litigation Reform Act of 1995 (PLRA), district courts are required to screen all civil cases brought by prisoners. See *McGore v. Wrigglesworth*, 114 F. 3d 601, 608

1

(6th Cir. 1997). If a complaint fails to pass muster under 28 U.S.C. §1915(e)(2) or § 1915A, the "district court should *sua sponte* dismiss the complaint." *Id.* at 612. Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997).

### III. COMPLAINT

Plaintiff was arrested on January 27, 1997 for arson of a dwelling house and assault with intent to commit murder. Plaintiff claims that he was subjected to excessive force by several of the defendant police officers during his arrest. On September 19, 1997, a jury found plaintiff guilty of arson and the lesser included offense of assault with intent to do great bodily harm. On October 15, 1997, plaintiff was sentenced to eleven to twenty years in prison on the arson conviction and six to ten years on the assault with intent to do great bodily harm conviction.

Plaintiff now claims that he was wrongfully arrested and convicted of these charges by the defendants. Plaintiff further alleges that he was a victim of excessive force from his arrest. Plaintiff seeks monetary damages. According to his complaint, plaintiff claims that he is not challenging his criminal conviction or sentence and does not seek release from his criminal judgment. [1]

### IV. DISCUSSION

---

[1] See Complaint, ¶¶ 69-71. In addition, plaintiff has already sought and been denied habeas corpus relief with respect to these convictions. *See Jones v. Smith,* 244 F. Supp. 2d 801 (E.D. Mich. 2003)(Rosen, J.).

Plaintiff's complaint is subject to dismissal for several reasons. First, to the extent that plaintiff seeks monetary damages arising from his criminal prosecution and subsequent conviction, he would be unable to obtain such damages absent a showing that his criminal conviction had been overturned. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A § 1983 suit in which a plaintiff seeks damages in connection with proceedings leading to his allegedly wrongful state court conviction is not cognizable where the plaintiff's conviction has never been reversed or otherwise invalidated. *See Patrick v. Laskaris*, 25 F. Supp. 2d 432, 433 (S.D.N.Y. 1998). Because plaintiff does not allege that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus, his allegations relating to his criminal prosecution, conviction, and incarceration against the defendants fail to state a claim for which relief may be granted and must, therefore, be dismissed. *See Adams v. Morris,* 90 Fed. Appx. 856, 858 (6th Cir. 2004); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 756 (E.D. Mich. 2001).

Plaintiff's excessive force claim must be dismissed because it is barred by the statute of limitations. In order to dismiss a prisoner civil rights action under the preliminary screening process because the statute of limitations has expired, a federal court must find that the expiration of the statute of limitations is clear on the face of the complaint. *Johnson v. Hill,* 965 F. Supp. 1487, 1489 (E.D. Va. 1997); *See also McLittle,* 974 F. Supp. at 637.

Plaintiff claims that he was subjected to excessive force when he was arrested on January

3

27, 1997. In Section 1983 cases, the appropriate statute of limitations is the analogous state statute of limitations for personal injury actions. *Dixon v. Anderson*, 928 F. 2d 212, 215 (6th Cir. 1991)(citing to *Wilson v. Garcia*, 471 U.S. 261, 276-280 (1985)). In Michigan, the three (3) year statute of limitations contained in M.C.L.A. 600.5805(8) is the uniform limitations period to be applied to section 1983 claims which arise out of Michigan. *Carroll v. Wilkerson*, 782 F. 2d 44, 45 (6th Cir. 1986); *McLittle*, 974 F. Supp. at 637. Plaintiff's excessive force claim would accrue from the date of his arrest, January 27, 1997. *See Drake v. City of Detroit, Michigan,* 266 Fed. Appx. 444, 448 (6th Cir. 2008). Because plaintiff's action was filed more than three years after the alleged excessive for took place, plaintiff's excessive force claim against the defendants is barred by the statute of limitations. *Id.* [2]

## V. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Complaint **[Docket No: 1, filed April 21, 2008]** is summarily **DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED,** pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).

**SO ORDERED.**

s/Paul D. Borman
**PAUL D. BORMAN**
**UNITED STATES DISTRICT JUDGE**

**Dated: July 1, 2008**

---

[2] In addition, plaintiff's incarceration would not toll the limitations period. Effective April 1, 1994, the Michigan legislature amended M.C.L.A. 600.5851(3) to abolish imprisonment as a disability that would toll the accrual of the statute of limitations. *See Manning v. Bolden,* 25 Fed. Appx. 269, 271 (6th Cir. 2001).

## CERTIFICATE OF SERVICE

**Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 1, 2008.**

                                           **s/Denise Goodine**
                                           **Case Manager**